UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICHARD IDEN,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>NURSE STARK, *et al.*,<br><br>　　　　　　Defendants. | Case No. 3:22-CV-00121-MMD-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1]<br><br>[ECF No. 4] |

This case involves a civil rights action filed by Plaintiff Richard Iden ("Iden") against Defendant Nurse Stark. Currently pending before the Court is Iden's motion for preliminary injunction. (ECF No. 4.) Although it is not entirely clear, Iden seems to request that the Court enter a blanket injunction to require that he be provided medical care, including taking certain X-rays, for an appointment for Iden "to be seen in 30 days", and to ensure that his medication is provided on time. Iden does not cite to any legal authorities or provide any factual basis to support the issuance of an injunction. For the reasons stated below, the Court recommends that Iden's motion for preliminary injunction, (ECF No. 4), be denied.

I.     **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Iden is an inmate in the custody of the Nevada Department of Corrections ("NDOC") and is currently housed at Ely State Prison ("ESP") in Ely, Nevada. On March 7, 2022, Iden submitted his complaint and later applied to proceed *in forma pauperis*. (ECF Nos. 1, 3.) In the Complaint, Iden alleges the following. Iden suffers from serious medical conditions and is prescribed medication for heart disease, hypertension, fluid retention, tremors, high cholesterol, and degeneration of both shoulders. (ECF No. 1-1.)

---

[1] This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

The "Defendants" continue to lose Iden's medication, place the medication in the wrong bin, forget to order refills of the medication, and refuse to follow doctor's treatment orders. (*Id*.)

On December 20, 2021, Iden saw Dr. Hanf for shoulder degeneration and an unknown lesion in his mouth. (*Id*.) Dr. Hanf ordered X-rays and that Iden be seen in 30 days. (*Id*.) As of the date of the complaint, it had been 77 days since Dr. Hanf's orders, and Iden had still not been seen for X-rays. (*Id*.) Iden has also requested to see Dr. Hanf about breathing issues, but he has not yet seen Dr. Hanf about his breathing issues. (*Id*. at 4.) Iden states that exhibits 1-15 show the complete lack of concern by the "Defendants." (*Id*. at 3.)

Nurse Stark oversees all prescription orders and refills. (*Id*.) Exhibit 1[2] shows Iden requesting that his medication be renewed. (*Id*.) However, Iden addressed the request to nurse Love, and his request was denied with a note stating only that nurse Love no longer worked at ESP. (*Id*.) Nothing was done to address Iden's need for medication. (*Id*.) Exhibit 2 shows Iden requesting that a doctor renew his medication before he ran out, but the medication was not renewed in time, and, as a result, Iden went without medication for nine days. (*Id*. at 3-4.)

Exhibits 4 and 5 show further requests by Iden to renew his medication, and Defendant Stark replied only by cautioning Iden against filing repetitive requests. (*Id*. at 4.) Exhibit 8 shows that Iden had been waiting 12 days for one of his medications, and that he was out of primidone, which Iden was prescribed for tremors. (*Id*.) The response was that Iden's medication was in another inmate's bin. (*Id*.) Exhibit 9 shows another two-week wait for medication. (*Id*.) Exhibit 10 shows nurse Jones telling Iden that his Ketoconazole prescription was not filed, and then Defendant Stark later finding it filled in the wrong bin. (*Id*.) As a result, Iden was without his medication for a month. (*Id*.) Exhibit 12 shows Iden again without his medication. (*Id*.) Nurse Stark responded that the issue had been cleared up, but it had not been cleared up. (*Id*.) Exhibits 13 and 14 show further

---

[2]   All exhibits referenced were attached to the Complaint.

attempts by Iden to resolve his ongoing issues with medication, but nurse Stark ignored Iden's requests. (*Id*.) Based on these allegations, Iden brings a claim under the Eighth Amendment. (*Id*. at 3.) The Court construed the complaint as bringing two separate claims of deliberate indifference to a serious medical need: one claim based on ongoing delays with medication; and a second claim based on a failure to schedule Iden for an X-ray and other medical treatment.

Pursuant to 28 U.S.C. § 1915A(a), the District Court screened the complaint on July 6, 2022. (ECF No. 6.)  Based on the allegations in the complaint, the Court determined Iden could proceed on a single Eighth Amendment claim for deliberate indifference against Nurse Stark based on ongoing delays in receiving his medication. However, the Court expressly dismissed without prejudice all claims arising out of the allegations related to other delays in his medical treatment.

## II. IDEN'S MOTION FOR PRELIMINARY INJUNCTION

On March 28, 2022, Iden filed the instant motion for preliminary injunction. (ECF No. 4.) In this motion, Iden appears to request that the Court enter a blanket injunction to require that he be provided medical care, including taking certain X-rays, for an appointment for Iden "to be seen in 30 days", and to ensure that his medication is provided on time. The only basis provided for requesting an injunction is Iden's assertion that he requested a refill for particular medication 7 days before filing the motion (which would be on or about March 21, 2022), and he still had not received his refill. (*Id*. at 1.) He also claims he has not been seen by a doctor since December 20, 2021 for a lesion in his mouth. He claims the doctor planned to do a biopsy of the lesion and ordered he be seen in another "30 days" but that he had still not been seen again for the lesion. He also claims he never received an X-ray of his shoulder. (*Id*. at 1-2.) Thus, according to Iden, without a preliminary injunction, there is no way to "ensure" that he would receive medical care. (*Id*. at 2.)  The motion is not accompanied by any points or authorities, nor does it provide any legal or factual basis to support the issuance of an injunction other than Iden's own statements.

### III. LEGAL STANDARD

The purpose of a preliminary injunction or temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008) (quotation marks and citation omitted). The instant motion requires the Court determine whether Iden has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20 (citations omitted).

Before *Winter*, courts in the Ninth Circuit applied an alternative "sliding-scale" test for issuing a preliminary injunction that allowed the movant to offset the weakness of a showing on one factor with the strength of another. *See Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011); *see also Beardslee v. Woodford*, 395 F.3d 1064, 1067 (9th Cir. 2005). In *Winter*, the Supreme Court did not directly address the continued validity of the Ninth Circuit's sliding-scale approach to preliminary injunctions. *See Winter*, 555 U.S. at 51; *see also Alliance*, 632 F.3d at 1131. The Ninth Circuit has since found that post-*Winter*, this circuit's sliding-scale approach, or "serious questions" test survives when applied as part of the four-element *Winter*'s test. *Alliance*, 632 F.3d at 1131-32. "In other words, 'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* (citations omitted). The portion of the sliding-scale test that allowed injunctive relief upon the possibility, as

opposed to likelihood, of irreparable injury to the plaintiff, was expressly overruled by *Winter*. See *Stormans, Inc. v. Selecky,* 586 F.3d 1109, 1127 (9th Cir. 2009).

An even more stringent standard is applied where mandatory, as opposed to prohibitory preliminary relief is sought. The Ninth Circuit has noted that although the same general principles inform the court's analysis, "[w]here a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo pendente lite, courts should be extremely cautious about issuing a preliminary injunction." *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir. 1984); *see also Committee of Cent. American Refugees v. Immigration & Naturalization Service*, 795 F.2d 1434, 1442 (9th Cir. 1986). Thus, an award of mandatory preliminary relief is not to be granted unless both the facts and the law clearly favor the moving party and extreme or serious damage will result. *See Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (quoting *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1979)).

Finally, the Prison Litigation Reform Act ("PLRA") mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. §3626(a)(2). Thus, section 3626(a)(2) limits the Court's power to grant preliminary injunctive relief to inmates. *Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a)(2) . . . operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators-no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Id.* at 999.

Where the motion for preliminary injunction is related to new allegations of misconduct—distinct from the allegations at issue in the complaint—such a motion must

be denied. *See e.g., Padilla v. Nevada*, No. 3:08-cv-410-LRH(RAM), 2011 WL 2746653, at *8 (D. Nev. June 3, 2011) (denying request for preliminary injunction unrelated to claims in the complaint); *Mitchell v. Haviland*, No. 2:09-cv-3012-JAM KJN P, 2014 WL 458218, at *2 (E.D. Ca. Feb. 4, 2014) (denying motion for preliminary injunction where the conduct asserted in the motions is based on new assertions of misconduct unrelated to the acts of misconduct asserted in the complaint); *Burton v. Paramo*, No. 3:17-cv-1953-BEN-KSC, 2017 WL 6048805, at *4 (S.D. Ca. Dec. 5, 2017) (denying motion for preliminary injunction seeking injunction claimed retaliation for bringing underlying lawsuit because those acts were separate from claims asserted within the complaint itself.).

## IV.    DISCUSSION

Having reviewed Iden's motion with the above-cited principles in mind, the Court finds that Iden's motion should be denied for several reasons.

First, several of the allegations contained in the motion appear to relate to issues that are not currently at issue in this litigation. Specifically, Iden's motion requests that the Court enter an injunction requiring Defendants to order him to receive an X-ray, treatment related to the lesion in his mouth, and other medical care. (ECF No. 4.) However, the only claim that is proceeding in this case relates to the delay in Iden receiving certain medication from Nurse Stark. (*See* ECF No. 6 at 6.)

Like the *Mitchell* and *Burton* cases discussed above, Iden's motion alleges claims related to Iden's medical treatment that are distinct from the issues that are proceeding in this case. Accordingly, this Court lacks authority to grant the relief requested, and on this basis alone, the motion should be denied. *See Pac. Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015) (there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint, which requires a sufficient nexus between the claims raised in the motion and the claims set forth in the underlying complaint. Absent that relationship or nexus, the district court lacks authority to grant the relief requested.)

///

However, even if the Court assumes all of the relief requested in the motion is related to the allegations that were allowed to proceed in this case, the motion still fails because Iden has failed to address any of the *Winter* factors such as how he is likely to succeed on the merits or how he suffer irreparable harm if he does not receive all of the medical treatment and care he requests immediately. *See Winter*, 555 U.S. at 20. Iden has failed to provide any medical records or any other evidence that establishes Iden would suffer any immediate harm this medical care is not immediately provided. Rather, Iden merely states that the only way to ensure he will receive medical care is with a preliminary injunction. (ECF No. 4 at 2.) However, the Court cannot simply enter a blanket injunction without evidence to support the assertions made by Iden in his motion. As such, Iden has failed to provide evidence to the Court that would establish he will suffer irreparable harm if he is not provided the medical care he requests.

Moreover, the motion fails because Iden has failed to establish that he would likely prevail on his claim or that the hardships weigh in favor of the requested relief.

Based on the above, the Court concludes that a preliminary injunction is not warranted, and Iden's motion should be denied.

**V.    CONCLUSION**

For good cause appearing and for the reasons stated above, the Court recommends that Iden's motion for preliminary injunction, (ECF No. 4), be denied.

The parties are advised:

1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.    This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## VI.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Iden's motion for preliminary injunction, (ECF No. 4), be **DENIED**.

**DATED**:  November 3, 2022 .

_____
**UNITED STATES MAGISTRATE JUDGE**