UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICHARD IDEN,<br><br>    Plaintiff,<br><br> v.<br><br>NURSE STARK, *et al.*,<br><br>    Defendants. | Case No. 3:22-CV-00121-MMD-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1]<br><br>[ECF No. 22] |

   This case involves a civil rights action filed by Plaintiff Richard Iden ("Iden") against Defendant Nurse Stark. Currently pending before the Court is Iden's motion for preliminary injunction. (ECF No. 22.) This is the second motion filed by Iden seeking a preliminary injunction. (*See* ECF No. 4.) In this motion, like the first motion, Iden seeks a blanket injunction to require that the NDOC "perform all doctor (sic) orders, administer both vaccines and set [a] medical appointment." (*Id*. at 1.) Iden does not cite to any legal authorities or provide any factual basis to support the issuance of an injunction.

   Defendant opposed the motion. (ECF No. 25.) Defendants argue that the current motion must be denied because: (1) Iden failed to properly file a points and authorities in violation of Local Rule 7-2; and (2) Iden's motion fails on the merits because it does not meet the legal standards required for the issuance of an injunction. (*Id.*) Iden did not file a reply. For the reasons stated below, the Court recommends that Iden's motion for preliminary injunction, (ECF No. 22), be denied.

**I. FAILURE TO FILE A POINTS AND AUTHORITES**

   Local Rule 7-2(d) of the District of Nevada states that "[t]he failure of a moving party to file points and authorities in support of a motion constitutes a consent to the denial

---

[1] This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

of the motion." On November 4, 2022, Iden filed the instant motion for preliminary injunction. (ECF No. 22.) In this one-page document, Iden claims that he "remains without access to all doctor ordered medications", that he suffers from congestive heart failure, and that he was "left without emergency nitrostat" for two months. (*Id*. at 1.) Iden also claims that was given his last Covid vaccine booster shot in January 2022 and has apparently not received a flu shot. The motion is not accompanied by any points or authorities, nor does it provide any legal or factual basis to support the issuance of an injunction other than Iden's own conclusory statements. On this basis alone, Iden's motion should be denied.[2]

## II.  PRELIMINARY INJUNCTION STANDARD AND ANALYSIS

In addition, Iden's motion must be denied on the merits as he has not provided any basis for the imposition of an injunction in this case. The purpose of a preliminary injunction or temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008) (quotation marks and citation omitted). The instant motion requires the Court determine whether Iden has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20 (citations omitted).

///

---

[2]  Iden is reminded that, even as a *pro se* litigant, he is required to follow the Court's Local Rules and the Rules of Civil Procedure. Any future motions must be accompanied by a properly supported points and authorities.

Where the motion for preliminary injunction is related to new allegations of misconduct—distinct from the allegations at issue in the complaint—such a motion must be denied. *See e.g., Padilla v. Nevada*, No. 2:08-cv-410, 2011 WL 2746653, at 8 (D. Nev. June 3, 2011) (denying request for preliminary injunction unrelated to claims in the complaint); *Mitchell v. Haviland*, No. 2:098-cr-3012, 2014 WL 458218, at *2 (E.D. Ca. February 4, 2014) (denying motion for preliminary injunction where the conduct asserted in the motions is based on new assertions of misconduct unrelated to the acts of misconduct asserted in the complaint); *Burton v. Paramo*, No. 3:17-cv-1953-BEN-KSC, 2017 WL 6048805, at *4 (S.D. Ca. Dec. 5, 2017) (denying motion for preliminary injunction seeking injunction claimed retaliation for bringing underlying lawsuit because those acts were separate from claims asserted within the complaint itself.)

Having reviewed Iden's motion with the above-cited principles in mind, the Court finds that Iden's motion should be denied for several reasons.

First, several of the allegations contained in the motion appear to relate to issues that are not currently at issue in this litigation. Specifically, Iden's motion requests that the Court enter an injunction requiring Defendants NDOC "perform all doctor (sic) orders, administer both vaccines and set [a] medical appointment." (ECF No. 22.) However, the only claim that is proceeding in this case relates to the delay in Iden receiving certain medication from Nurse Stark. (*See* ECF No. 6 at 6.)

Like the *Mitchell* and *Burton* cases discussed above, Iden's motion alleges claims related to Iden's medical treatment that are distinct from the issues that are proceeding in this case. Accordingly, this Court lacks authority to grant the relief requested, and on this basis alone, the motion should be denied. *See Pac. Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015) (there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint, which requires a sufficient nexus between the claims raised in the motion and the claims set forth in the underlying complaint. Absent that relationship or nexus, the district court lacks authority to grant the relief requested.)

However, even if the Court assumes all of the relief requested in the motion is related to the allegations that were allowed to proceed in this case, the motion still fails because Iden has failed to address any of the *Winter* factors or explain how he is likely to succeed on the merits or how he suffer irreparable harm if he does not receive all of the medical treatment and care he requests immediately. *See Winter*, 555 U.S. at 20. Iden has failed to provide any medical records or any other evidence that establishes he would suffer any immediate harm this medical care is not immediately provided. However, the Court cannot simply enter a blanket injunction without evidence to support the assertions made by Iden in this motion.

Moreover, the motion also fails because Iden has failed to establish that he would likely prevail on his claim or that the hardships weigh in favor of the requested relief.

Based on the above, the Court concludes that a preliminary injunction is not warranted, and Iden's motion should be denied.

### III. CONCLUSION

For good cause appearing and for the reasons stated above, the Court recommends that Iden's motion for preliminary injunction, (ECF No. 22), be denied.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

///

///

///

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Iden's motion for preliminary injunction, (ECF No. 22), be **DENIED**.

DATED: November 30, 2022.

_____
**UNITED STATES MAGISTRATE JUDGE**